*965 OPINION.
Murdock:
As long as the petitioner continued with the firm, of course, the debits in his account had an effect upon his share of any profits the firm might have, since, under the agreement, these debits would have to be offset by credits before he would have any capital, and the capital would have to amount to $25,000 before he could withdraw his full share of the profits. But the petitioner testified that in all of their partnerships he and Jelke had an agreement that in case the business was not successful, and the petitioner’s account showed a net debit, the ultimate loss would fall *966 upon Jelke, and the petitioner would never be called upon to make good the debit in case he left the firm. Other evidence in the case tends to support the petitioner’s testimony that he was never to make good the part of the firm’s losses charged to his account. For example, when he began his relations with Jelke, the petitioner had uo capital, whereas Jelke appears to have been a man of considerable wealth; the petitioner never contributed any capital to the firm except such as was credited to his capital account when the firm had some profits; and he never had funds from which he could have paid the debit balance standing in his account. When other partners retired, they did not pay the debit balance in their accounts.
The petitioner, in reporting his income, and the Commissioner in adjusting that income, have failed to give effect to such an agreement. Probably the latter did not know of its existence. But the evidence here shows that it did exist, and we can not disregard it. The petitioner’s income has been improperly reported and adjusted. He was not entitled to deduct any part of the losses of the firm, since he would never have to pay any part of those losses, and he should have reported only one-half of the profits of the firm until such time as his account no longer showed a net debit. The Commissioner erred in including $47,899.17 in the petitioner’s income for 1924.
The year 1921 is not before us, but the petitioner has been given the benefit of a deduction for 1922 representing a net loss in 1921, when, if his income for 1921 had been properly computed, he would not have had a net loss for 1921. Thus, the Commissioner erred in allowing him credit for any net loss for 1921 in connection with his 1922 income tax. The year 1923 is not before us, but the petitioner would have had taxable income in 1923 instead of a net loss if his income for that year had been properly computed, and the Commissioner erred in allowing the deduction of a net loss for 1923 in computing the petitioner’s income for 1924. Likewise for 1924, the Commissioner erred in reducing the petitioner’s income for 1924 on account of losses or adjustments to the income of the partnership for the month of January, 1924. We have been asked to make no other adjustments in the petitioner’s income, and from the evidence we can make none.

Judgment will be entered u/nder Rule 50.